IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDRE' LEROY GARRETT**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-0129-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed March 5, 2008. Petitioner timely filed objections to the magistrate judge's report ("Report").

This is a habeas petition brought pursuant to 28 U.S.C. § 2254. The magistrate judge found that this petition is a second or successive petition for post-conviction relief. Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, the magistrate judge recommended that the court dismiss the petition for want of jurisdiction, without prejudice to Petitioner's right to file a motion for leave to file a successive petition with the United States Court of Appeals for the Fifth Circuit.

Petitioner has filed lengthy objections, most of which relate to the substance of his petition. He does object, however, that not all petitions count as second or successive petitions, and that his petition should not count as such because his first petition was wrongly dismissed as untimely. He cites the two cases cited by the magistrate judge, *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003), and *Villanueva v. United States*, 346 F.3d 55 (2d Cir. 2003), *cert. denied*, 542 U.S. 928 (2004).

The court has reviewed these cases, the Report, Petitioner's objections, and Petitioner's first habeas petition, Civil Action No. 3:01-CV-0265-L. The timeliness arguments that Petitioner makes in his objections are similar to the arguments he made in his prior petition. In his first petition, Garrett made arguments that that petition was timely in objecting to the magistrate's report recommending dismissal as untimely. His subsequent motion to reconsider was denied, he was denied a certificate of appealability, and his appeal to the Fifth Circuit Court of Appeals was dismissed. The court determines that his first petition was properly dismissed as untimely, and therefore it lacks jurisdiction to consider this second or successive habeas petition. Petitioner's objection that this petition is not a second or successive habeas petition is therefore **overruled**. The court does not reach his other objections because it does not have jurisdiction to consider this petition.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court is without jurisdiction to entertain this matter and therefore **dismisses** Petitioner's habeas petition.

This dismissal is without prejudice to Plaintiff's right to file a motion for leave to file a second or successive section 2254 petition in the United States Court of Appeals for the Fifth Circuit.

**It is so ordered** this 22nd day of May, 2008.

_____
Sam A. Lindsay
United States District Judge